IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GUY GELEERD, JR., | ) | |
| | ) | |
| Plaintiff, | ) | 1:15-cv-11340 |
| | ) | |
| v. | ) | |
| | ) | |
| GC SERVICES LIMITED PARTNERSHIP, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, GUY GELEERD, JR., by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, GC SERVICES LIMITED PARTNERSHIP, the plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq. and for Defendant's violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. GUY GELEERD, JR., (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Chicago, County of Cook, State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to American Express (hereinafter, "the Debt").

6. The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. GC SERVICES LIMITED PARTNERSHIP, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant's principal place of business is located in the State of Texas. Defendant is registered as a limited partnership in the State of Texas.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. <u>ALLEGATIONS</u>

## <u>COUNT I: VIOLATION OF THE FDCPA</u>

14. On or about June 3, 2015 Plaintiff received a telephone call from Ms. Deborah Solberg, a duly authorized representative of Defendant, who stated that she was calling to collect the Debt from Plaintiff.

15. On or about June 3, 2015, during the course of the aforesaid telephone call between Defendant and Plaintiff, Defendant stated that if Plaintiff was able to start making payments against the Debt, Defendant could guarantee that Plaintiff would receive a new card from American Express and would be able to restart using his American Express account.

16. Defendant's representations, as delineated above, were false, deceptive and misleading given that even if Plaintiff made payments on the account, Plaintiff's American Express account was in default and had been sent to Defendant for collections; upon information and belief, Defendant was unable to guarantee what, if any, actions that would be taken by American Express upon receipt of payment against he Debt.

17. During the course of the aforesaid telephone call between Plaintiff and Defendant, Plaintiff informed Defendant that he was not in a financial position to be able to make payments against the Debt.

18. At no time during the course of the aforesaid telephone call between Defendant and Plaintiff on or about June 3, 2015, did Plaintiff agree to make payments against the Debt.

19. At no time during the course of the aforesaid telephone call between Defendant and Plaintiff on or about June 3, 2015, did Plaintiff provide Defendant with authorization to withdraw funds from Plaintiff's bank account.

20. On or about June 17, 2015, Defendant presented a "check by phone" for $100.00, made payable to Defendant, to MB Financial Bank, the bank at which Plaintiff has a checking account.

21. On or about June 17, 2015, $100.00 was withdrawn from Plaintiff's checking account at MB Financial Bank and paid to Defendant.

22. Plaintiff did not provide authorization for the payment of $100.00 to Defendant on or about June 17, 2015.

23. On or about July 17, 2015, Defendant presented a "check by phone" for $100.00, made payable to Defendant, to MB Financial Bank, the bank at which Plaintiff has a checking account.

24. On or about July 17, 2015, $100.00 was withdrawn from Plaintiff's checking account at MB Financial Bank and paid to Defendant.

25. Plaintiff did not provide authorization for the payment of $100.00 to Defendant on or about July 17, 2015.

26. On or about August 17, 2015, Defendant presented a "check by phone" for $100.00, made payable to Defendant, to MB Financial Bank, the bank at which Plaintiff has a checking account.

27. On or about August 17, 2015, $100.00 was withdrawn from Plaintiff's checking account at MB Financial Bank and paid to Defendant.

28. Plaintiff did not provide authorization for the payment of $100.00 to Defendant on or about August 17, 2015.

29. On or about September 17, 2015, Defendant presented a "check by phone" for $100.00, made payable to Defendant, to MB Financial Bank, the bank at which Plaintiff has a checking account.

30. On or about September 17, 2015, $100.00 was withdrawn from Plaintiff's checking account at MB Financial Bank and paid to Defendant.

31. Plaintiff did not provide authorization for the payment of $100.00 to Defendant on or about September 17, 2015.

32. On or about October 17, 2015, Defendant presented a "check by phone" for $100.00, made payable to Defendant, to MB Financial Bank, the bank at which Plaintiff has a checking account.

33. On or about October 17, 2015, $100.00 was withdrawn from Plaintiff's checking account at MB Financial Bank and paid to Defendant.

34. Plaintiff did not provide authorization for the payment of $100.00 to Defendant on or about October 17, 2015.

35. On or about November 17, 2015, Defendant presented a "check by phone" for $5,323.10, made payable to Defendant, to MB Financial Bank, the bank at which Plaintiff has a checking account.

36. On or about November 17, 2015, $5,323.10 was attempted to be withdrawn from Plaintiff's checking account at MB Financial Bank and paid to Defendant; due to insufficient funds, the payment of $5,323.10 was not processed

37. Plaintiff did not provide authorization for the payment of $5,323.10 to Defendant on or about November 17, 2015.

38. On or about December 1, 2015, Plaintiff contacted Defendant to ascertain why it had been taking payments from his checking account without his authorization.

39. During the course of the aforesaid telephone call between Plaintiff and Defendant on or about December 1, 2015, Defendant informed Plaintiff that he had authorized the payments during the course of Plaintiff's telephone call with Defendant on or about June 3, 2015.

40. The aforesaid statement by Defendant, that Plaintiff had authorized the payments to Defendant during the course of Plaintiff's telephone call with Defendant on or about June 3, 2015, was false, deceptive and misleading given that Plaintiff had not authorized said payments and had made no agreement with Defendant to make payments against the Debt.

41. In its attempts to collect the debt allegedly owed by Plaintiff to American Express, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    c. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

42. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, GUY GELEERD, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court

### COUNT II: VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

43. Plaintiff re-alleges paragraphs 1-41 as though fully alleged herein.

44. Defendant's actions as detailed above constitute a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

45. The requested relief is in the best interest of all consumers, as if the requested relief is granted, Defendant will be discouraged from engaging in conduct similar to that alleged to be fraudulent in the present Complaint.

WHEREFORE, Plaintiff requests that the court:

a. Enter judgment against Defendant for all actual, punitive and other damages to which Plaintiff is entitled,

b. Award attorneys' fees, litigation expenses and costs, and

c. Grant other relief deemed just and appropriate.

### V. JURY DEMAND

46. Plaintiff hereby demands a trial by jury on all issues so triable.

                                                        Respectfully submitted,
                                                        **GUY GELEERD, JR.**

                                        By:    s/ David M. Marco
                                                     Attorney for Plaintiff

Dated: December 16, 2015

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:     dmarco@smithmarco.com